IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-HC-2152-FL

| | | |
|---|---|---|
| DERRICK LAMONT CRUDUP, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| KIERAN SHANAHAN, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, a state inmate, petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter came before the court on respondent's to dismiss, which this court construes as a motion for summary judgment (DE 5) pursuant to Federal Rule of Civil Procedure 56. The issues raised were fully briefed and are ripe for adjudication. For the following reasons, the court grants respondent's motion.

**STATEMENT OF CASE**

On June 17, 2009, petitioner was found guilty after a jury trial in the Franklin County Superior Court of second-degree murder. States v. Crudup, No. COA10-326, 2011 WL 1467660, at *3 (N.C. App. Apr. 19, 2011). Petitioner was sentenced to a one hundred eighty-nine (189) to two hundred thirty-six (236) month term of imprisonment. The North Carolina Court of Appeals found no error in petitioner's conviction and sentence on April 19, 2011. Id. On May 20, 2011, petitioner filed a *pro se* petition for discretionary review to the North Carolina Supreme Court, which was denied on June 17, 2011. State v. Crudup, 365 N.C. 206, 710 S.E.2d 18 (2011).

On February 6, 2013,[1] petitioner filed a *pro se* motion for appropriate relief ("MAR") in the Franklin County Superior Court. (Resp't's Mem. Ex.7.) The superior court denied petitioner's MAR on February 20, 2013. (Mem. in Supp. of Pet., Attach. p. 1.) On May 3, 2013, petitioner filed a *pro se* petition for a writ of certiorari in the North Carolina Court of Appeals, which was denied on May 13, 2015. (Resp't's Mem. Exs. 8, 9.)

On July 15, 2013, petitioner filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his petition, petitioner alleges the following: (1) his conviction was obtained by use of an unconstitutional jury instruction on the essential element of malice; (2) his conviction was obtained in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution because the trial court failed to instruct the jury as to all the essential elements of perfect and imperfect self defense; (3) his conviction was obtained in violation of due process because the trial court failed to instruct the jury that it could find petitioner not guilty by reason of self-defense or other lesser included offenses; and (4) he received ineffective assistance of appellate counsel because his appellate attorney did not raise grounds two and three on direct appeal.

On January 27, 2014, respondent filed a motion for summary judgment, arguing that petitioner's action is time-barred. The motion was fully briefed.

## DISCUSSION

A.     Motion for Summary Judgment

    1.     Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and

---

[1] Providing petitioner the benefit of the mailbox rule, the court deems his petition, dated February 6, 2013, but filed on February 19, 2013, to be filed on February 6, 2013. See Houston v. Lack, 487 U.S. 266, 276 (1988) (holding that a *pro se* prisoner's notice of appeal is filed at the moment it is delivered to prison authorities for mailing to the district court).

the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); <u>Anderson v. Liberty Lobby</u>, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. <u>Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. <u>Anderson</u>, 477 U.S. at 250.

    2.    Analysis

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year. 28 U.S.C. § 2244(d)(1). The period begins to run from the latest of several dates:

> A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; B) the date on which the impediment to filing an application . . . is removed; C) the date on which the constitutional right was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

<u>Id.</u>

Because petitioner filed an appeal, his action became final on September 15, 2011, which was ninety (90) days after the North Carolina Supreme Court denied petitioner's petition for discretionary review on June 17, 2011. <u>See</u> Sup. Ct. R. 13.1 (providing 90 days in which to file a certiorari petition with the United States Supreme Court from a final order of a state's highest court denying review); <u>Clay v. United States</u>, 537 U.S. 522, 527 (2003) ("Finality attaches when this

Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.") As a result, petitioner's one-year statutory period began to run on September 15, 2011, and ran for three hundred sixty-five (365) days until it expired on September 14, 2012.

Petitioner's February 6, 2013, MAR, and subsequent filings, did not operate to toll the running of the statutory period because under § 2244(d)(1) the statutory period is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); see Taylor v. Lee, 186 F.3d 557, 560 (4th Cir. 1999). Tolling is not permitted after the expiration of the statutory period. See Minter v. Beck, 230 F.3d 663, 665–66 (4th Cir. 2000); Streater v. Beck, No. 3:05CV284-MU-02, 2006 WL 1877149, *2 (W.D.N.C. Jul. 6, 2006) ("[I]t is well settled that a . . . motion or petition [filed subsequent to the close of the statutory period] for collateral review in State court cannot somehow breathe new life into an already expired federal limitations period[.]"), appeal dismissed, 207 F. App'x 271, 2006 WL 3407741 (4th Cir. 2006). Thus, petitioner is not entitled to statutory tolling after the statutory period expired, and his July 15, 2013,[2] petition is time-barred.

As a defense to the running of the statute of limitations, petitioner contends that he is entitled to equitable tolling because the application of the statute of limitations in this case would result in a fundamental miscarriage of justice. Even though the purpose of the AEDPA is to "reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism," the Fourth Circuit has held that "the AEDPA statute of limitations is subject to equitable tolling." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). A

---

[2] Even if the court construed petitioner's § 2254 petition as filed on the date he dated his petition, July 8, 2013, it still is time-barred.

petitioner is entitled to equitable tolling only where he establishes that he has been diligently pursuing his rights and that extraordinary circumstances stood in the way of timely filing. Holland v. Florida, 560 U.S. 631, 648-649 (2010); Wade v. Robinson, 327 F.3d 328, 333 (4th Cir. 2003) (holding one-year statutory period was triggered under § 2244(d)(1)(D) on the date inmate could have discovered factual predicate of his claim through public sources). Petitioner has not demonstrated either of these factors in this case. Thus, he is not entitled to equitable tolling.

B.      Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and respondent is entitled to dismissal of the petition, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting

Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED.

## CONCLUSION

For the foregoing reasons, respondent's motion for summary judgment (DE 5) is GRANTED. The certificate of appealability is DENIED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 19th day of June, 2014.

LOUISE W. FLANAGAN
United States District Judge